<hr />

### FERDINAND PECOUL *v.* JEAN AUGE.

The lessee has the absolute right to remove improvements and additions made by him on the thing let, provided he leaves it in the state in which he received it.

He is not obliged to take for them an equivalent in money; nor is the lessor bound to keep and pay for them. He may do this, when the additions have been made with lime and cement.

APPEAL from the Sixth District Court of New Orleans, *Duplantier*, J. *Albert & M. Voorhies* and *H. Saucier*, for appellant. *A. Derbes*, for appellee.

ILSLEY, J. This is a contest between Ferdinand Pécoul, the plaintiff in injunction, who is the owner of a building in New Orleans, and Jean Augé, the defendant, his lessee, as to the ownership of certain improvements and additions, claimed by Augé to have been made by him on the property leased, at the time he was the lessee of David Urquhart, who sold the building to Pécoul, from whom it was subsequently leased by Augé.

Without seeking to impugn the right that Augé might have had to remove these improvements, had he continued to be the lessee of Urquhart, Pécoul contests the exercising of that right against him, because he purchased from Urquhart the building, with all the *improvements, rights* and *appurtenances* attached thereto, without any exception or reservation whatever; and he contends that it was incumbent on Augé to have made him aware of any such right as he claims, before he purchased the building, in order that provision might have been made respecting it, with his vendor; and, that failure of Augé so to do, and by his long silence and inaction, he is concluded and estopped from the exercise of any such right.

This was the view of the matter taken by the Judge of the lower Court, who gave a judgment in favor of Pécoul, perpetuating the injunction sued out by him, and prohibiting Augé from removing the improvements claimed by him.

It can hardly be questioned that Pécoul acquired by his sale from Urquhart no greater rights than Urquhart himself possessed.

Nemo plus juris ad alium transferre potest quam ipse haberet; and that, as a general rule, no one can be divested of his property without his consent. Id quod nostrum est sine facto nostro ad alium non potest; and hence it becomes necessary for Pécoul to show how he became the owner of Augé's improvements.

If Urquhart has sold Pécoul property belonging to Augé, the vendee's recourse is against his vendor.

It is true that if Augé, being cognizant of the sale of the building to Pécoul (an innocent purchaser), stood by without asserting his claim to improvements and additions thereto, whilst the lessee of Urquhart, he would, upon every just and equitable principle, be precluded from claiming from Pécoul property, which he acquired from his vendor with the tacit consent and presumed acquiescence of Augé. Qui tacit consente videtur.

There is no proof, however, that Augé was aware of the sale to Pécoul, before it was passed; and the fact that the act of sale was an authentic one, carries with it no such presumption as his counsel pretends, that Augé must have been aware of its being executed.

As to his subsequent silence, whilst continuing the lessee of the building under Pécoul, that cannot affect him, unless that silence were continued during the time for prescription, when applicable, and prescription is not relied on in this case. See *McIntosh* v. *Smith*, 2 An. 757.

By Article 2697 C. C., the lessee has the absolute right to remove improvements and additions made by him on the thing let, provided he leaves it in the state in which he received it.

He is not obliged to take for them an equivalent in money; nor is the lessor bound to keep and pay for them. He may do this, when the additions have been made with lime and cement. Augé is willing to receive

from Pécoul, in lieu of his improvements (which he proves to be his), their value, which the evidence fixes at three hundred dollars.

The plaintiff's counsel calls our attention to a bill of exceptions, tendered by him and allowed on the trial of the case, to the ruling of the Court receiving evidence to prove facts too vague and without sufficient stipulation in the pleadings of Augé. The Court did not err in overruling the objections to this evidence, as it is very evident, from Pécoul's letter to Augé, written before the suit was brought, and in evidence in the case, that he was fully aware before trial of the nature of Augé's demand, and could not, therefore, be surprised. See the cases in 9 An. 119; 10 An. 528, and 12 An. 795.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that the injunction sued out by Pécoul be dissolved. It is further ordered that Jean Augé, the plaintiff in reconvention, be decreed to be the owner of the improvements and additions claimed by him on the building leased by him, and allowed to remove the same, unless Pécoul pay him therefor the sum of three hundred dollars.

It is finally ordered, that Ferdinand Pécoul pay the costs in both Courts.