## No. 5095.

### JOHN GORDON, Administrator, v. FAHRENBERG & PENN.

Where, in a contest for the ownership of lands, proof was admitted as secondary evidence, the destruction of the primary evidence being shown, and the court a qua held that the objections went rather to the effect than to the admissibility, the ruling was correct.

The evidence, however, fails to identify sufficiently the land in dispute as the land embraced in the destroyed deed, but in the capacity of one of the heirs of John Ruth, who, it is admitted, entered the land at the Land Office at Monroe, John K. Ruth, or his succession, represented by the plaintiff, can maintain this petitory action against the defendants who are possessors without title.

The constructions made by Penn, one of the defendants, being partly on plaintiff's land and partly on defendant's, plaintiff can not keep them by paying defendant the costs of construction, pursuant to article 508 of the Revised Code, because the building is not entirely on plaintiff's soil. The defendant is not entitled to a judgment in reconvention for the value of his constructions, but must be allowed to remove that part of them erected by him and resting on the soil of the plaintiff.

APPEAL from the Thirteenth Judicial District Court, parish of Tensas. *Hough, J. Kennard, Howe & Prentiss, H. R. Steele, Drake & Garrett* and *Reeves Lewis,* for plaintiff and appellee. *L. V. Reeves* and *W. B. Spencer,* for defendants and appellants.

WYLY, J. The defendants in this petitory action appeal from the judgment decreeing the plaintiff, the administrator of the succession of John K. Ruth, to be the owner of the four hundred and fifty-six acres of land described in the petition, together with a sawmill, engine and fifty thousand feet of lumber, subject however to D. B. Penn's reconventional demand for improvements to the extent of $1500, which is to be paid before eviction.

It is proved that John K. Ruth had a deed from his father, John Ruth, for some four or five hundred acres back of the Blackwater plan-

tation owned by the defendant, D. B. Penn, and that this deed was destroyed by fire. No advertisement of the destruction of this deed was necessary in order that the plaintiff might prove its contents. Beebe *v.* McNeil, 8 An 130. See also 15 An. 463.

The defendants objected to the evidence of Mrs. Fenwick in regard to the destroyed deed, on the ground that on being preliminarily cross-examined by them she stated that she did not recollect the date of the deed nor the price or terms, nor the description of the lands as embraced in said deed. They further objected to the question asked said witness, whether said deed purported to be an absolute conveyance of said property. They also objected to the question propounded to Mrs. Margaret S. Ruth, whether John K. Ruth had a title to the land in controversy. The defendants further objected to the introduction of the inventory of the succession of John K. Ruth on the ground that it was made only a short time before the institution of this suit, and that it was only in fact the declarations of the notary on the statements of others. All this proof was admitted as secondary evidence, the destruction of the primary evidence being shown; and the court held that the objections went rather to the effect than to the admissibility of said evidence. We think the ruling of the court was correct.

The land in controversy was entered at the land office by John Ruth, the father of John K. Ruth, who died before his son. That he conveyed to John K. Ruth four hundred and fifty-six acres back of the Blackwater plantation, there is no doubt. But the evidence fails to identify sufficiently the land in dispute as the land embraced in the destroyed deed. As one of the heirs, however, of John Ruth, who, it is admitted, entered the land at the land office at Monroe, John K. Ruth or his succession, represented by the plaintiff, can maintain this petitory action against the defendants, who are possessors without title, the title set up by D. B. Penn not embracing the land in controversy. " As against a mere possessor without title, a joint heir or a joint owner can maintain a petitory action." Compton *v.* Mathews, 3 La. 128.

The judgment for the land in favor of plaintiff is correct. There is error, however, in regard to the fifty thousand feet of lumber. Plaintiff shows no title to this; nor does he show that the timber out of which it was sawed was cut from the land in controversy. There is also error in regard to the judgment for $1500 in reconvention for the value of improvements constructed by the defendant, D. B. Penn. The sawmill was not constructed entirely on the soil of the plaintiff; it is partly on the land of the plaintiff and partly on the land of the defendant, D. B. Penn. Therefore the plaintiff can not keep the sawmill and fixtures by paying the defendant the costs of construction,

pursuant to article 508 of the Revised Code, because the construction is not entirely on plaintiff's soil.

There being no express law applicable to a case like this, we think it equitable (Revised Code, article 21), to allow the defendant, D. B. Penn, to remove that part of the construction erected by him resting on the soil of the plaintiff.

It is therefore ordered that the judgment herein be amended by striking out that part decreeing the plaintiff the owner of the fifty thousand feet of lumber, and also by striking out the judgment in reconvention, reserving to the defendant, D. B. Penn, the right to remove that part of the sawmill and appurtenances constructed by him, resting on the soil of the plaintiff, and as thus amended it is ordered that the judgment be affirmed, appellee paying costs of appeal.