(99 South. 397)

No. 25930.

## SUPERIOR SYNDICATE v. WILLIS et al.

(Dec. 17, 1923. Rehearing Denied by Division A March 3, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Landlord and tenant** ⊚⟞161(3)—**Lessee held entitled to recover improvements without alleging that they were affixed with lime and cement within the statute.**

In an action by the lessee of an oil refinery after the expiration of the lease to recover the value of certain improvements and additions made to the property it was unnecessary to allege that the improvements and additions were affixed to the premises "with lime and cement," under Civ. Code, art. 2726, since whether so affixed or not defendant became liable to plaintiff for their value when he refused to surrender them on demand.

2. **Landlord and tenant** ⊚⟞161(1)—**Statute as to tenant's right to remove or recover for improvements construed.**

Civ. Code, art. 2726, relating to removal of improvements or recovery of their value, means that the tenant may at the expiration of the lease remove all his improvements and additions unless the lessor chooses to retain such as may be made with lime and cement and to pay the tenant the value thereof.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Action by Superior Syndicate against P. C. Willis and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Foster, Looney & Wilkinson, of Shreveport, for appellant.

W. M. Phillips, of Shreveport, for appellees.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

ST. PAUL, J. Plaintiff alleges that it leased a certain oil refinery from the Paramount Petroleum Company; that it put certain improvements and additions therein; that defendants had a mortgage thereon un-

der which they foreclosed and bought in the property; that, in order not to embarrass the defendants in their foreclosure, plaintiff agreed not to intervene in the proceedings, and defendants agreed that, "without becoming personally liable for the amount of the claims, they [defendants] would step into the shoes of the Paramount Petroleum Company in so far as it [plaintiff] was concerned, reserving the right to contest the claim, * * * and it is understood that you [plaintiff] may proceed after the sale just as if no sale had been made"; that the lease has expired, but defendants refused to surrender to plaintiff the improvements and additions aforesaid. Wherefore plaintiff claims of defendant their value.

The petition also contains other allegations, not material to the main demand, but pertinent only to an alternative demand which clearly discloses no cause of action, and of which it is unnecessary to make any further mention.

The defendant pleaded "no cause of action" disclosed, as plaintiff failed to allege that the improvements and additions were affixed to the premises "with lime and cement," citing R. C. C. art. 2726; and the plea having been sustained plaintiff appeals.

## I.

If the improvements and additions were "made with lime and cement," defendants (who stand *in the shoes of the lessor*) had a right to retain them "on paying a fair price" (R. C. C. art. 2726); and when they refused to surrender them to plaintiff they thereby elected to retain them and must therefore pay to plaintiff a fair price, i. e., the value thereof.

If, on the other hand, the improvements and additions were not made "with lime and cement," then plaintiff had a right to remove them when the lease expired (R. C. C. art. 2726); and when defendant refused to surrender them to plaintiff on demand this amounted to a conversion of the property, and defendants became liable to plaintiffs for the value thereof (see 38 Cyc. 2031, verbo Trover and Conversion, notes 71, 72, 73).

[1] It was therefore unnecessary for plaintiff to allege that the improvements and additions were affixed "with lime and cement," since whether so affixed or not defendant became liable to plaintiff for their value when they refused to surrender them on demand.

[2] As to R. C. C. art. 2726, it means no more than this: That the tenant has the right at the expiration of the lease, to remove all his improvements and additions, unless the lessor chooses to retain such as may be made "with lime and cement," and pay the tenant the value thereof.

## II.

It is suggested that under the terms of lease defendants are (may be) entitled to retain the improvements and additions without compensation to the tenant. But the lease is not annexed to the petition, and can therefore be considered only when the merits of the case are reached. The suggestion may afford matter for defense, of which defendant may avail itself under its reservation of "the right to contest the claim;" but as the petition stands it undoubtedly shows a cause of action.

### Decree.

The judgment appealed from is therefore reversed and the exception of no cause of action overruled; and it is now ordered that the case be remanded to the court below for further proceedings according to law, defendants to pay the costs of this appeal, and all other costs to await final judgment.

Rehearing refused by Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.