OVERTON, J.
 

 Plaintiff alleges that she is the owner of four lots, together with the improvements thereon, situated in the city of New Orleans, and that defendants are in the possession thereof without title, and without right to remain in the'possession of the same. The prayer of the petition is that plaintiff be recognized as the owner of the property, entitled to the full possession thereof, and that defendants be ordered to deliver the same to her. The action is therefore a petitory one.
 

 Defendants do not assert title in themselves. They first urged that plaintiff’s petition fails to disclose a cause of action. Then they answered the suit by denying title in plaintiff, and by averring that they are in possession of the property by virtue of a written lease and a verbal contract, concerning the making of improvements by them on the property, both of which were entered into by them with Guy A. Parker, plaintiff’s son-in-law, who at the time of making the lease and the verbal contract represented that he was the owner of the prbperty. They then aver that, in making the written lease and verbal contract, Guy A. Parker was acting with either the express authorization of plaintiff or else with her full knowledge, consent, approval, and acquiescence, in the deception that Parker was practicing upon them. They aver that plaintiff had actual knowledge of the construction of the improvements on the property, while the improvements were in course of construction, and also of the fact that defendants were occupying the premises, without plaintiff’s protesting against either, or intimating her disapproval, and that plaintiff is now estopped to contest defendants’ right to occupy the premises under the lease. Then they urge that, in the event it be held that plaintiff is the owner of the property and that the lease is null, they be granted judgment in reconvention against plaintiff for the value of the improvements, placed by them on the property. They also call Parker in warranty, and ask, in the event it be decreed that the lease is null, that he be ordered to return the unpaid rent notes; or to pay them the amount thereof.
 

 The exception of no cause of action is based upon the fact that plaintiff, in alleging her ownership of the property, does not deraign her title. The exception was overruled. We find no error in the ruling. While it is true that the allegation of ownership is vague, nevertheless sufficient is alleged to show a cause of action. If defendants wished to avail themselves of the vagueness of the petition, they should have filed an exception
 
 *578
 
 of vagueness and not have substituted for it an exception of no cause of action.
 

 On the merits, plaintiff offered evidence to prove her title, and closed. Defendants then called plaintiff to the stand for the purpose of cross-examining her.- After she answered the first question propounded to her, plaintiff, through her counsel, objected to the offering of any evidence whatever in support of the defenses, set forth in the answer, on the ground that agency to lease real estate cannot be established by parol, but only by written, evidence. The court sustained the objection, and thereby limited the proof of agency to written evidence, and later ruled, in passing upon a similar objection, that an estoppel to attack a lease, meaning, of course, of real estate, could not be proved by parol.
 

 The court was in error in making both of these rulings. A power of attorney may be given in writing or orally, but verbal proof thereof may b.e offered only when the execution of the contract for which the power of attorney was given may be validly executed by parol. Civil Code, art. 2992. A lease of real property may be made.by verbal contract. Civil Code, art. 2683 ; Mossy v. Mead, 2 La. 157, 161. Therefore it follows that an agency to lease real estate may be granted and proved by parol. As such is the ease, it also follows that an estoppel to attack a lease may be shown by parol. The court should have admitted the evidence offered.
 

 Defendants also, in support of one of their alternative demands, endeavored to show what improvements they made on the property. The purpose of showing this fact was to recover the value of the improvements in the event it should be held that the lease is null. The court ruled out the testimony on the ground that evidence in support of such an issue, which is based on a lease, is irrelevant in a petitory action.
 

 When the ruling was made, defendant was urging, under his pleadings, that he was a possessor in good faith. However, under the law, though occupying the property, he was not a possessor' at all, for, as lessee, he recognized title in another, and his occupancy was such other’s possession. In Alexius v. Oertling, 13 Orleans App. 216, a similar question arose. There the defendant was a tenant at will, and, as such, erected improvements on the land at his own expense, without objection from the owner. When evicted by the owner, he claimed the value of his improvements. In passing upon the question as to his right to recover their value, the court said:
 

 “Defendant is not entitled to the value of his improvements. He is not a ‘possessor in good faith,’ for the sole reason that he is not a possessor at all. For those only are possessors who hold for themselves believing themselves owners. C. C., 3441. The term ‘possessor in good faith’ is purely technical, and has no application to one who acknowledges another owner than himself. . (O. 0., 3441).. And none but possessors in good faith, in this technical sense, can compel the owner to reimburse the value of improvements placed upon the land. O. C., 508.”
 

 Defendants’ remedy, in these circumstances, should the effect of the decree be to nullify the lease, is to remove such of their improvements as are removable, without injury to the property, and to look to their lessor for the damages sustained, if any, unless, as provided by article 508 of the Civil Code, plaintiff should exercise her right of electing to keep such of the improvements as are re
 
 *580
 
 movable, in which event they may claim their value, that, is, the cost of the material and workmanship, and retain the property until they are reimbursed. Citizens’ Bank v. Maureau, 37 La. Ann. 857, 861. They even have the right to retain possession of the property, without being chargeable for rent, until such election is made. Kibbe v. Campbell, 34 La. Ann. 1163. We think that it does not yet appear that plaintiff has elected to keep the improvements. Until it does so appear, the evidence is inadmissible. Of course, should the lease be recognized, the alternative demand for the value of the improvements will not arise for final adjudication, and plaintiff will not be entitled to possession, in that event, until the expiration of the lease.
 

 The trial court rendered judgment recognizing plaintiff to be the owner of the property, and ordering that she be placed in possession of the same, and rejecting as in case of nonsuit defendants’ reconventional demand for the value of the improvements. This judgment should be set aside and the case remanded.
 

 For the reasons assigned, the judgment appealed from is set aside, and this case is remanded for the purpose of admitting the evidence concerning the authority to make the lease, and in support of the pleas of ratification and estoppel, and in the event plaintiff elects to keep the improvements that are removable, if any, then to receive the evidence offered in support of the alternative demand for their -value, plaintiff to pay the costs of this appeal, the remaining costs to abide the final determination of the case by the court below.
 

 O’NIELL, C. J., is of the opinion the judgment should be affirmed,