## ELROD v. HART.
### No. 4480.

Court of Appeal of Louisiana. Second Circuit.

March 31, 1933.

Cecil Morgan, of Shreveport, for appellant.

Robt. J. O'Neal, of Shreveport, for appellee.

MILLS, Judge.

In his petition, plaintiff alleges that during the year 1920 he erected, at his own expense, on property belonging to defendant in Caddo parish, right at the boundary line between Louisiana and Texas, a store building, garage, Delco plant, and outhouses; that this was done with the consent of the owner and under the agreement that plaintiff, during his occupancy of the premises, would sell to defendant what commodities he desired at wholesale prices. No time limit or term was fixed; the transaction being described in the petition as a matter of mutual accommodation.

It is alleged that 'Elrod used the premises until April, 1931, when, without notice, defendant took possession of the place.

The improvements are claimed to have been erected at a cost of $1,872.90; that, being a possessor in good faith, plaintiff should be reimbursed by defendant in this amount. In the alternative, it is asserted that, if plaintiff was not a possessor in good faith, defendant has elected to appropriate the improvements to his own use, rendering him liable for their cost; that this election was evidenced by the defendant taking possession of the property and by his bringing a suit in the courts of Texas for the rent; that, because of this act and suit, defendant is estopped to deny his election to retain the improvements. In the further alternative, plaintiff sets up that, if he cannot recover under article 508 of the Revised Civil Code, defendant is liable for the amount claimed in tort, for the unlawful conversion of plaintiff's property.

In his answer, defendant admits the agreement as alleged, and the construction of the improvements, but claims they are only partly on his land; a portion of them being across the line in Texas on property belonging to other parties. He alleges that plaintiff occupied the premises until November, 1929, when he ceased operating his store and, without authorization, rented the place to P. R. Strange, who is still in possession. He says that he has never claimed the ownership of the improvements, does not desire to keep them, has demanded, and now demands, that plaintiff remove them.

In reconvention, defendant claims rent at the rate of $10, since November 1929, when plaintiff left and ceased selling him goods at wholesale prices as agreed.

The evidence shows the improvements were erected under the alleged agreement, but only partly on the land of Hart. Elrod knowingly placed his store astraddle of the state line, in order to avoid the payment of taxes. His tobacco counter was in Texas. He had two gasoline tanks, one of each side of the line, selling from the one in the state at the time permitting the best prices. This is shown, not only by his own admissions, but also by a written disclaimer of any prescriptive title which he executed in favor of the Texas owner. For the purposes of this suit, it is sufficiently proven that the garage, shed, Delco plant, and outhouse were wholly in Texas; that the line divided the store building about in half, all but five feet of the store proper being over the Texas line. Second grade timber was used in the buildings, and they were unpainted. Strange was forced to vacate about April 10, 1931, because they had be-

come too dilapidated for use. Since that time the place has been unoccupied; the buildings have deteriorated and decayed to such an extent that the witnesses appraised them as worthless. Hart continued to purchase goods of defendant at wholesale prices until Strange went into possession in 1929. Since that time he has not been permitted to exercise that privilege.

Plaintiff fails to show that defendant ever took possession of his improvements or evicted him. The record does show that Elrod left in 1929, unauthorizedly, delivering possession to Strange, who in turn abandoned the place in 1931. A suit in Texas wherein Hart demanded of Elrod the rent paid him by Strange was filed in error and dismissed by plaintiff without further proceedings.

It cannot support plaintiff's plea of estoppel. Parties are not bound by judicial delegations of fact which terminate unsuccessfully. Goudeau v. Roach, 173 La. 61, 136 So. 88.

Defendant has never in any way prevented the removal of the improvements. On the contrary, prior to the suit, he told Elrod to take them away, and in his answer demanded that they be demolished and removed. The judgment of the lower court gave him 60 days in which to comply with this demand.

Plaintiff seems to have brought his action under the misapprehension that he was a possessor in good faith and that under the provisions of the fourth paragraph of article 508 of the Civil Code, the owner could not demand the demolition of the works, but is relegated to a choice, either to reimburse the value of the materials and the price of workmanship, or to reimburse a sum equal to the enhanced value of the soil, and that by his acts defendant has elected to retain the buildings. But technically Elrod was not a possessor at all. Recognizing title in another, his occupancy was such other's possession. Civil Code, 3441; Hammonds v. Buzbee, 170 La. 573, 128 So. 521.

His rights are governed by the other paragraphs of article 508, which read:

"*Improvements by third persons—Rights of owner.*—When plantations, constructions and works have been made by a third person, and with such person's own materials, the owner of the soil has a right to keep them or to compel this person to take away or demolish the same.

"If the owner requires the demolition of such works, they shall be demolished at the expense of the person who erected them, without any compensation; such person may even be sentenced to pay damages, if the case require it, for the prejudice which the owner of the soil may have sustained.

"If the owner keeps the works, he owes to the owner of the materials nothing but the reimbursement of their value and of the price of workmanship, without any regard to the greater or less value which the soil may have acquired thereby. * * *"

In the present case the owner has elected to compel plaintiff to take away or demolish his constructions. In fact, he could not elect to keep the improvements because they were only partly on his land. Gordon v. Fahrenberg & Penn, 26 La. Ann. 366.

The issues in this case have been presented on both sides on the supposition that they are governed by the terms of article 508 of the Revised Civil Code, but, should the transaction between Elrod and Hart be considered a lease, plaintiff would be in no better position for article 2726 of the Civil Code provides:

"The lessee has a right to remove the improvements and additions which he has made to the thing let, provided he leaves it in the state in which he received it. But if these additions be made with lime and cement, the lessor may retain them, on paying a fair price." Hoffman v. Laurans, 18 La. 70; Pecoul v. Auge, 18 La. Ann. 614; Dreyfuss v. Process Oil & Fuel Co., 142 La. 564, 77 So. 283; Superior Syndicate v. Willis, 155 La. 444, 99 So. 397.

As to the claim in tort, plaintiff has failed to prove any unlawful conversion of his property.

The only evidence in support of the reconventional demand is the testimony of defendant that the property occupied by plaintiff's improvements had a rental value of $10 per month. He cannot recover on this basis because article 508 of the Code only allows the owner, demanding the demolition of the works, damages, if the case requires it, for the prejudice which he may have sustained. There is no proof of any damage.

We think the judgment appealed from, rejecting plaintiff's demands and requiring him, at his expense, to, within sixty days, demolish and remove the improvements erected by him, on the land of defendant, and by its silence rejecting defendant's reconventional demand, is correct. It is accordingly affirmed.