THE CONNECTICUT FIRE INSURANCE COMPANY OF HART-FORD v. NETTIE WHIDDEN NEWTON, *et al.*

162 So. 499.

Division A.

Opinion Filed June 22, 1935.

*O. D. Batchelor,* for Appellant;

*L. T. McGee* and *A. H. Shoupe,* for Appellees.

PER CURIAM.—This case was here on a former appeal from a final decree, on pleadings and proofs, wherein the Chancellor had dismissed the bill on the sole ground that the proof was not in his opinion sufficient to entitle the plaintiff to relief. See 110 Fla. 28, 128 So. 520. On that appeal, the sufficiency of the bill of complaint was not at-

tacked nor brought in question. The final decree appealed from was reversed, and a mandate to that effect transmitted to the trial court. Shortly thereafter, on motion of complainant in the court below for final decree in accordance with the mandate, the Chancellor rendered a final decree of reformation of the insurance policy and a monetary decree enforcing the instrument as reformed, as prayed for in the bill. In such final decree the Chancellor said: "And the court being fully advised in the premises and while at this time entertaining the views expressed in the decree of August 14, 1931, yet being of the opinion that the mandate of the Supreme Court under date of July 3, 1933, requires the entry of a final decree granting the relief sought by plaintiff, it is, thereupon, ordered, decreed and adjudged," etc.

It is contended by the appellant insurance company on this appeal that the Chancellor misconstrued the effect of this court's judgment and mandate on the former appeal, which must be construed in the light of the opinion of this court as set out on page 520 of 148 So., and page 28 of 110 Fla., which is a short per curiam opinion saying that the decree of the court below dismissing the bill "should be reversed on authority of the opinion and judgment in the case of Urbaine Insurance Company, a corporation, v. Elsie J. Combs, et al., 145 So. 585, filed in this court on February 11, 1933. It is so ordered. Reversed." The contention of appellant is that inasmuch as the case cited, the Urbaine Insurance Company case, only dealt with one question, the question of the sufficiency of the bill in that case as against demurrer, the appeal in that case having been taken only from an order overruling a demurrer to the bill, which bill this court held good and sufficient as against demurrer, the effect of the opinion and reversal in this case

on the former appeal was merely to hold that the bill in this case was sufficient. If this had been the holding, there would have been no occasion for a reversal. But this could not have been the intention of the opinion and judgment of this court on the former appeal, as the court below had treated the bill as sufficient, and that question was not raised either in the court below or here. The only question presented here was whether the court below had erred in denying relief on the ground that the proof in the case was insufficient to support the bill. The reversal of the lower court's decree must necessarily have been based on the conclusion of this court that, under the legal principles underlying the decision in the Urbaine Insurance Co. case, cited, the Chancellor had erred in holding that the proof was insufficient to support the bill, the effect of which was a holding by this court that the proof *was sufficient* to support the bill, and, regardless of any possible ineptitude in the language of this Court's opinion, the Chancellor was correct in his construction of the action taken by this Court, which had become the law of the case, and his action in rendering a decree in favor of, and granting the relief prayed for by, the complainant, was also correct, and will stand hereby.

Affirmed.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.