93 So.2d 543

**J. H. RIGGS**

v.

**Ida C. LAWTON.**

No. 42815.

Jan. 21, 1957.

Rehearing Denied Feb. 25, 1957.

D. C. Dickson, Shreveport, for plaintiff-appellant.

Marion K. Smith, Shreveport, for defendant-appellee.

HAWTHORNE, Justice.

This is a suit by a lessee to recover from his lessor the $3,145.47 spent by the lessee to improve the lessor's property; or in the alternative $4,000, which represents the amount the lessor's property has increased in value because of these improvements.

During the winter of 1953–54, J. H. Riggs rented a room with board from Mrs. Ida C. Lawton of Shreveport, Louisiana, at a monthly rental of $90, and with her consent built an additional room and bath out of brick veneer onto Mrs. Lawton's house to use as his office. During 1954 Riggs became dissatisfied with the arrangement and moved out, and in May of 1955 he brought this suit to recover the amount spent by him on the room and bath or the increased value of Mrs. Lawton's property due to this addition. Mrs. Lawton answered Riggs' petition by alleging, among other things, that she had no need for the office which he had built on her property while he was her lessee, that he had the right to remove the improvements provided he left her house in its original state, and she concluded by praying that his demands be rejected and that he be ordered to remove the improvements which he had constructed on her property.

After trial on the merits there was judgment for Riggs in the amount of $1,500 with interests and costs, upon payment of which Mrs. Lawton was to be decreed owner of the improvements. Riggs appealed to this court praying that his award be increased to the amount sought in his main demand. Mrs Lawton answered the appeal asking that the lower court judgment be reversed, and that Riggs be ordered to remove the improvements which he had made to her property. Pending appeal Riggs died, and the executor of his will, Ralph H. Riggs, was substituted as plaintiff-appellant in the case.

Mrs. Lawton has filed in this court a plea of estoppel, alleging that the legal representative of J. H. Riggs is now estopped to claim the cost or value of the improvements or their ownership. The principal basis of this plea is that J. H. Riggs testified at the trial of the case on its merits in the court below that at his death the Lawtons "would inherit the house [improvements]". We find no merit in this plea, nor does counsel for Mrs. Lawton cite any law applicable in support of it, and we know of none.

In the lower court and in brief filed in this court counsel for appellant

seems to rely on the fourth paragraph of Article 508 of the Civil Code. Under the provisions of this paragraph the owner of the soil does not have a right to demand demolition of the works made by a possessor in good faith, but only has the choice either to reimburse the value of materials and the price of workmanship or to reimburse a sum equal to the enhanced value of the soil. However, this article has no application here. As said in Hammonds v. Buzbee, 170 La. 573, 128 So. 520, 521, quoting from Alexius v. Oertling, 13 Orleans App. 216, " 'Defendant is not entitled to the value of his improvements. He is not a "possessor in good faith," for the sole reason that he is not a possessor at all. For those only are possessors who hold for themselves believing themselves owners. C.C., 3441. The term "possessor in good faith" is purely technical, and has no application to one who acknowledges another owner than himself. (C.C., 3441). And *none but possessors in good faith, in this technical sense, can compel the owner to reimburse the value of improvements placed upon the land.* C.C., 508.' " (Italics ours.)

The articles which we think are applicable to this case are Articles 2719, 2720, and 2726. Under Articles 2719 and 2720 the lessee must return the thing leased in the same state in which it was when taken possession of by him, except, of course, for ordinary wear and tear and unavoidable accidents. Under Article 2726 the lessee has the right to remove the improvements that he has made to the thing let provided he leaves it in the state in which he received it, but if these additions be made with lime and cement, the lessor may retain them upon paying a fair price. *However, the lessee cannot force the lessor to compensate him for the improvements which he leaves on the property.* Pecoul v. Auge, 18 La.Ann. 614; Dreyfuss v. Process Oil & Fuel Co., 142 La. 564, 77 So. 283, 285; see Note, 23 Tul.L.Rev. 177(1948).

In the Dreyfuss case, supra, this court said:

" * * * *a lessee knows when he makes improvements that his right at the termination of the lease will not be to claim compensation for them, but only to remove them, in case it can be done,* and yet the premises be left in the condition in which they were when leased, and if they have been made with lime and cement, in the event the lessor does [not] elect to retain them. C.C. 2726." (Italics ours.)

In Superior Syndicate v. Willis, 155 La. 444, 99 So. 397, 398, it was said:

"As to R.C.C. art. 2726, it means no more than this: That the tenant has the right at the expiration of the lease, to remove all his improvements and additions, unless the lessor chooses to retain such as may be made 'with lime and cement,' and pay the tenant the value thereof." See Talley v. Alexander, 10 La.Ann. 627.

In the instant case the lessor shows and avers that she has no need for the office built by the lessee in connection with her home and that the improvements were made solely for his convenience. There is no evidence that the lessor has made any use of the additions, and she seeks to have the lessee ordered to remove them and asks that the house be left in the same state in which he received it. Since the lessor has thus elected not to retain the improvements and additions to her home, the lessee cannot recover their fair value.

The additions and improvements were made with Mrs. Lawton's full consent and approval although for Mr. Riggs' convenience. In fact, she even helped select the materials, was present during the work, approved the general plan of construction, and even paid invoices for some of the materials from funds furnished by Mr. Riggs. In other words, she approved a change, to the extent of these improvements, in the state of the thing leased, and by doing so released her lessee of the obligation imposed by law of returning the premises in the same state in which he received them insofar as these improvements were concerned. Under these facts and circumstances the lessor is not entitled to an order for the removal of these additions and improvements at the lessee's expense.

For the reasons assigned the judgment appealed from is reversed and set aside, and plaintiff's demands are rejected at his costs.

HAMITER, J., concurs in the decree.

SIMON, J., absent.