PRICE, Judge.
This action involves a lessee’s claim for reimbursement by his lessor of amounts expended in improving the leased property immediately prior to the termination of a predial lease. An exception of no cause of action was sustained by the trial court and lessee perfected this devolutive appeal.
Herman D. Harvey leased certain farm land in East Carroll Parish from Jesse Walter Surles under a written lease beginning in 1964 and ending with the year 1968. Harvey filed suit against Surles, alleging that just prior to the end of the year 1968 he performed the necessary work on this land to prepare it for farming in the year 1969, with the expectation of again leasing the property from Surles. He further alleges that the property was leased to another party in 1969 and that he should recover the amount of $1,500.05 which was spent in preparing this land. Plaintiff contends that this work was done with the knowledge of defendant and that as a result of this work defendant was able to lease the land to the third party at an increase in rent.
In support of his position that the trial court was correct in sustaining the exception of no cause of action, appellee relies on Article 2726 of the Louisiana Civil Code, which reads as follows:
“The lessee has a right to remove the improvements and additions which he has made to the thing let, provided he leaves it in the state in which he received it. “But if these additions be made with lime and cement, the lessor may retain them, on paying a fair price.”
In the case of Riggs v. Lawton, 231 La. 1019, 93 So.2d 543, the Louisiana Supreme Court construed Article 2726 in disallowing a lessee’s claim for reimbursement for improvements made on leased property. The court made it clear that a lessee may not force a lessor to compensate for improvements left on the property. We quote the language of the court in defining lessee’s rights under the article as follows:
“ * * * Under Article 2726 the lessee has the right to remove the improvements that he has made to the thing let provided he leaves it in the state in which he received it, but if these additions be made with lime and cement, the lessor may retain them upon paying a fair price. However, the lessee cannot force the lessor to compensate him for the improvements which he leaves on the property. Pecoul v. Auge, 18 La.Ann. 614; Dreyfuss v. Process Oil & Fuel Co., 142 La. 564, 77 So. 283, 285; see Note, 23 Tul.L.Rev. 177 (1948).”
Appellant suggests that he should be allowed to recover either under the theory of quasi contract (La. Civil Code Articles 2293, 2294), or under the equitable doctrine of unjust enrichment (La. Civil Code Articles 1963-1967).
We do not find either of these principles applicable to this situation. The relationship between these parties arises from a contractual lease agreement and their rights, duties and obligations toward each other are to be governed solely by Articles of the Louisiana Civil Code providing for the lease contract.
Article 1965 of the Louisiana Civil Code, which defines the equity doctrine, allows its application only where the law of the land is silent on a particular question.
*169 Article 2726 and the decision of the Supreme Court in the Riggs case relieve the lessor of any obligation to compensate the lessor for any improvements made on the leased premises. We, therefore, find no error in the judgment of the trial court sustaining the exception of no cause of action.
For these reasons the judgment appealed from is affirmed at appellant’s cost.