McClendon, j.
| ^Appellant seeks review of the trial court’s judgment granting summary judgment in favor of the defendant/lessor and dismissing appellant’s suit which sought recovery for improvements made by a lessee on the lessor’s property. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On April 29, 2004, Deborah Elmer, as owner/lessor of residential property located in Baton Rouge, entered into a written “Contract of Lease and Agreement to Purchase” (Lease-Purchase Agreement) with Glenn Davis, as lessee of the immovable property.
In accordance with paragraph 2.1 of the Lease-Purchase Agreement, the parties agreed to a lease term of forty-eight months, commencing on May 15, 2004, with the understanding that Mr. Davis would actively and in good faith pursue adequate financing to purchase the leased property within that period.[1] If Mr. Davis, despite his best efforts, could not obtain financing in the forty-eight month period, the Lease-Purchase Agreement provided Mr. Davis an additional twenty-four month period to lease and purchase the property on the same terms. The Lease-Purchase Agreement allowed Mr. Davis an additional six months after the twenty-four month period expired, or until November 15, 2010, to market and sell the property for fair market value.
The original forty-eight month term expired on May 15, 2008, and the additional twenty-four month term expired on May 15, 2010, without Mr. Davis exercising his. option to purchase the property or obtaining the requisite financing. Moreover, Mr. Davis did not sell the property by November 15, 2010.
On January 15, 2011, Davis surrendered possession of the property and paid no further rentals. On July 1, 2011, Ms. Elmer sold the property to a third party.
*1085 ¡(¡Thereafter, on August 12, 2013, Melanie Davis, Glenn Davis’s wife,[2] filed suit against Ms. Elmer, alleging that Ms. Elmer and Mr. Davis entered into a contract whereby Mr. Davis would refurbish the condominium on the condition that he would be paid for his improvements after a sale was completed. After Ms. Elmer filed a dilatory exception raising the objection of vagueness, the petition was amended to name Mr. Davis as a plaintiff. In the amended petition, plaintiffs also alleged that Ms. Elmer breached paragraph 11.1 of the Lease-Purchase Agreement, which provides:
CANCELLATION CLAUSE: Should Lessee fail or neglect to promptly and fully pay any Lease Payments when due, he shall be allowed an additional sixty (60) day period of grace to pay same, after written notice to Lessee by Lessor, and thereupon, if said Lease Payments shall not be paid at the end of said grace period, the Lessor, at her option, may request the Lessee to put property on the market for sale at Fair Market Value at which time Lessor will be paid in full according to this Agreement. The property can be sold by Realtor only if Lessor and Lessee agree to do so.
[[Image here]]
Plaintiffs later filed a second amended petition, asserting that they were entitled to damages for unjust enrichment by the defendant for the use of improvements and renovations done by Mr. Davis.
In January 2014, Ms. Elmer filed a motion for summary judgment, attaching her affidavit and the Lease-Purchase Agreement in support thereof. Ms. Elmer contended that when the lease term expired on May 15, 2010, or at the latest November 15, 2010, the lease became a month-to-month tenancy by reconduction. See LSA-C.C. arts. 2721 and 2723.[3] Ms. Elmer asserted that ¡.¡although the lease reconducted and became month to month, such did not serve to extend the fixed term or substantive options granted in the original lease.[4] Ms. Elmer contended that because all substantive terms expired at the end of the lease, no genuine issues of material fact remained and she was entitled to judgment as a matter of law. Plaintiffs opposed Ms. Elmer’s motion, urging that Ms. Elmer violated the terms of the Lease-Purchase Agreement and that she unjustly enriched herself at plaintiffs’ expense. Plaintiffs also attached a purported affidavit from Mr. Davis,[5] along *1086 with several documents that were referenced in the affidavit.
Following a hearing, the trial court, finding that no genuine issues of material fact remained, granted Ms. Elmer’s motion for summary judgment and dismissed plaintiffs’ action with prejudice.
Ms. Davis[6] has appealed, asserting in her sole assignment of error that genuine issues of material fact remain that preclude summary judgment in this matter. Specifically, she alleges that “[tjhere are genuinely disputed issues of material 'fact concerning unjust enrichment.”
MOTION TO STRIKE
Ms. Elmer has filed a motion to strike “Plaintiffs Exhibit 1” from the appellate record, requesting “to have the record on appeal herein corrected through Order of this Honorable Court striking a document from the appellate record that was not admitted into evidence by the trial court below.” The referenced exhibit, which was attached to plaintiffs’ opposition to Ms. Elmer’s |smotion for summary judgment, is a letter dated April 21, 2011, from an attorney to Ms. Elmer. Ms. Elmer notes that at the summary judgment hearing, she objected to the document as being hearsay and the trial court sustained the objection. Ms. Elmer also suggests that an exhibit precluded by the trial court as evidence cannot be considered by this court on the merits, even if it is physically placed into the record. As such, Ms. Elmer requests that the exhibit be stricken from the appellate record.
Louisiana Code of Civil Procedure article 966(F), as amended by 2013 La. Acts No. 391, provides:
(1) A summary judgment may be rendered or affirmed only as to those •issues set forth in the motion under consideration by the court at that time.
(2) Evidence cited in and attached to the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection made in accordance with Subparagraph (3) of this Paragraph. Only evidence admitted for purposes of the motion for summary judgment may be considered by the court in its ruling on the motion.
(3) Objections to evidence in support of or in opposition to a motion for summary judgment may be raised in memorandum or written motion to strike stating the specific grounds therefor.[7] [Emphasis added.]
We note that Ms. Elmer did not object to the attachment in a written memorandum or file a motion to strike the exhibit from the trial court record as required by article 966(F). However, the trial court ruled that it would not consider the contents of the letter, apparently finding the letter to be hearsay and inadmissible on summary judgment. Further, there was no contemporaneous objection by plaintiffs based on Ms. Elmer’s failure to comply with the *1087 requirements of the article. Based on these facts, we grant the motion to strike.[8]
IkDISCUSSION
Appellate courts review grants of summary judgment de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue as to material fact and whether the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B)(2) and Champagne v. Ward, 03-8211 (La. 1/19/05), 893 So.2d 773, 776.
A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B)(2). The initial burden of proof is on the moving party. However, on issues for which the moving party will not bear the burden of proof at trial, the moving party’s burden of proof on the motion is satisfied by pointing out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, the nonmoving party must produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden of proof at trial; failure to do so shows that there is no genuine issue of material fact. LSA-C.C.P. art. 966(C)(2).
A “genuine issue” is a “triable issue,” an issue in which reasonable persons could disagree. Champagne v. Ward, 893 So.2d at 777. A “material fact” is one in which “its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery.” Id. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Revere v. Dolgencorp, Inc., 04-1758 (La.App. 1 Cir. 9/23/05), 923 So.2d 101, 104.
Ms. Elmer, as mover, established that the only written agreement between the parties was the Lease-Purchase Agreement. While the Lease-purchase? Agreement gave Mr. Davis the option of purchasing the property by May 15, 2010 or selling the property to a third party by November 15, 2010, Mr. Davis did not exercise the option rights within that time period. Thereafter, according to Ms. Elmer’s uncontradicted affidavit, on January 15, 2011, “Glenn Davis both surrendered possession and control of the Property back to Affiant, and refused and failed to pay Affiant any subsequent rental pertaining to the lease of the Property.” Accordingly, we conclude, as did the trial court, that Ms. Elmer has met her initial burden under LSA-C.C.P. art. 966(C)(2).
On appeal, Ms. Davis does not assert that any of the Lease Purchase Agreement’s substantive option rights survived after Mr. Davis abandoned the property on January 15, 2011. Rather, Ms. Davis asserts that issues of fact remain under a theory of unjust enrichment. Ms. Davis contends that it is inequitable to allow Ms. Elmer to benefit from Mr. Davis’s work and not allow plaintiffs to recover for work he performed on the property.
Louisiana Civil Code article 2298 provides, in pertinent part, that “[a] person who has been enriched without cause at the expense of another person is bound to compensate that person.” To prevail on an unjust enrichment claim, the plaintiff *1088 must prove five elements: (1) an enrichment; (2) an impoverishment; (8) a connection between the enrichment and the resulting impoverishment; (4) an absence of justification or cause for the enrichment and impoverishment; and (5) the lack of another remedy at law. Commercial Union Ins. Co. v. CBC Temporary Staffing Services, Inc., 04-0854 (La.App. 1 Cir. 11/8/04), 897 So.2d 647, 651, writs denied, 05-0221, 05-0252 (La.4/8/05), 899 So.2d 12 and 13.
The relationship between these parties arises from a contractual lease agreement, and their rights, duties, and obligations toward each other are governed by the contract. Specifically, paragraph 7.1 of the Lease-Purchase Agreement provides that Mr. Davis is “responsible for all maintenance on and repairs to the Leased Property, including any necessary or discretionary replacement or improvements of elements of the premises.” Even in the |sabsence of contract, however, LSA-C.C. art. 2695 provides remedies for attachments, additions, or other improvements made to an immovable by a lessee.[9] Because there is a legal remedy either by contract or under the article, the unjust enrichment doctrine does not apply. See Harvey v. Surles, 228 So.2d 167, 168 (La.App. 2 Cir.1969), application not considered, 255 La. 156, 229 So.2d 735 (1970) (The doctrine of unjust enrichment does not apply to a lessee’s claim for improvements to leased property because “[t]he relationship between [the lessor and lessee] arises from a contractual lease agreement and their rights, duties and obligations toward each other are to be governed solely by Articles of the Louisiana Civil Code providing for the lease contract.”). Accordingly, we find no merit in Ms. Davis’s sole assignment of error.[10]
CONCLUSION
For the foregoing reasons, the May 5, 2014 judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant, Melanie Davis.
*1089 MOTION TO STRIKE GRANTED; JUDGMENT AFFIRMED.

. The parties agreed that the sale price would be $122,000.00, with Mr. Davis receiving full credit toward the purchase price for any lease payments made during the term of the lease which are over and above the amount necessary to satisfy the interest portion of the mortgage.

. Glenn Davis, in an instrument executed on July 7, 2012, donated his interest in "GLENN DAVIS v. DEBORAH ELMER” to his wife.

. Louisiana Civil Code article 2721 provides, in pertinent part:
A lease with a fixed term is reconducted if, after the expiration of the term, and without notice to vacate or terminate or other opposition by the lessor or the lessee, the lessee remains in possession:
[[Image here]]
(2) For one week in the case of other leases with a fixed term that is longer than a week; or
Louisiana Civil Code article 2723 provides, in pertinent part:
The terms of a reconducted nonagricultural lease is:
(1) From month to month in the case of a lease whose term is a month or longer;
[[Image here]]

. Generally, unexercised option rights, including the right to purchase, terminate with the original lease and are not carried over when a lease is a reconducted. See Williams v. Bass, 37,156 (La.App. 2 Cir. 5/14/03), 847 So.2d 80, 83.

. The document in the record is one page and is not signed by Mr. Davis; nor is it notarized. At the hearing on the motion for summary judgment, the plaintiffs indicated that .there was a second page to the document at issue, with the notarized signature appearing on the second page. We note that on page 49 of the record there is a notarized signature page, which is not attached to any specific docu *1086 ment and lacks any reference to a particular document. In ruling on the motion for summary judgment, however, the trial court indicated that the purported affidavit presented by plaintiffs was not signed or notarized.

. Although there are two named plaintiffs, Ms. Davis is the only party that sought an appeal.

. Louisiana Code of Civil Procedure article 966(F) has since been amended by 2014 La. Acts. No, 187 to also require that ‘‘[a]ny such memorandum or written motion to strike ... be served pursuant to Article 1313 within the time limits provided in District Court Rule 9.9.” See LSA-C.C.P. art. 966F(3).

. Additionally, even if we were to consider the letter, it would not create a genuine issue of material fact that would preclude summary judgment in this matter.

. Louisiana Civil Code article 2695 provides:
In the absence of contrary agreement, upon termination of the lease, the rights and obligations of the parties with regard to attachments, additions, or other improvements made to the leased thing by the lessee are as follows:
(1) The lessee may remove all improvements that he made to the leased thing, provided that he restore the thing to its former condition.
(2) If the lessee does not remove the improvements, the lessor may:
(a) Appropriate ownership of the improvements by reimbursing the lessee for their costs or for the enhanced value of the leased thing whichever is less; or
(b) Demand that the lessee remove the improvements within a reasonable time and restore the leased thing to its former condition. If the lessee fails to do so, the lessor may remove the improvements and restore the leased thing to its former condition at the expense of the lessee or appropriate ownership of the improvements without any obligation of reimbursement to the lessee. Appropriation of the improvement by the lessor may only be accomplished by providing additional notice by certified mail to the lessee after expiration of the time given the lessee to remove the improvements.
(c)Until such time as the lessor appropriates the improvement, the improvements shall remain the property of the lessee and the lessee shall be solely responsible for any harm caused by the improvements.

. Ms. Elmer filed a motion to strike "Plaintiff’s Exhibit 1,” a letter dated April 21, 2011 from an attorney to Ms. Elmer, from the appellate record. In a separate action handed down this date, we denied Ms. Elmer’s motion to strike. Nevertheless, while we believe the trial court properly refused to consider the letter on summary judgment, even if we could consider same on our de novo review, we conclude that it would not create a genuine issue of material fact that would preclude summary judgment in this matter.