HOLDRIDGE, J.
This appeal arises from a trial court judgment finding that Heather Leigh Berthelot *737 was unjustly enriched pursuant to La. C.C. art. 2298. For the reasons that follow, we reverse.
FACTUAL AND PROCEDURAL HISTORY
A companion case, Berthelot v. Berthelot, 2017-1055, (La. App. 1 Cir. 07/18/18), 564 So.3d 800, 2018 WL 3470591, also rendered by this court, contains a thorough recitation of the factual and procedural background of the parties' ongoing litigation.
Heather Leigh Berthelot and Jeffrey[1] Mikal Berthelot were married on July 10, 1999, and two children were born of the marriage. On July 14, 2010, Jeffrey filed a petition for divorce. On October 26, 2010, the trial court signed a stipulated judgment, which ordered Jeffrey to maintain health insurance coverage for the parties' two minor children. The judgment further ordered that "Jeffrey ... maintain Heather ... on his health insurance policy, until the divorce [was] finalized, unless Heather ... [chose] to leave the plan." Heather had been the policyholder of the family's insurance since 2006 and the policy provided additional coverage to Jeffrey and the two minor children. The parties' divorce became final on January 23, 2012. However, the parties remained cohabitating together until October 2014.
On April 17, 2015, the parties entered into another stipulated judgment, ordering Jeffrey to "provide medical, dental and vision insurance coverage for the minor children and [he] shall be responsible for the payment of said premiums." On May 27, 2015, Jeffrey filed a Rule to Clarify the Stipulated Judgment, stating that because Heather was the policyholder, only she had the authority to modify the insurance policy. Jeffrey alleged that he could not open a new insurance policy himself because of his preexisting medical conditions. Jeffrey stated that Heather refused to cooperate with the insurance company to have Jeffrey and the two minor children separated into a different insurance policy. Therefore, in order for Jeffrey to fulfill his court ordered duty to pay for the two minor children's insurance, he alleged that he also had to pay Heather's insurance premiums because she refused to remove herself from the insurance policy. From October 2014 through August 2016, Jeffrey attempted several times to remove Heather from the insurance policy, but was told that only Heather could make this change since the insurance policy was in her name.
On March 8, 2017, Jeffrey filed a Rule for Contempt of Court against Heather for failing to reimburse him for paying for her insurance premiums. Alternatively, Jeffrey argued that if the trial court determined that Heather's actions did not rise to the level of contempt, she had been unjustly enriched by Jeffrey. Jeffrey argued that Heather was obligated to reimburse him for the medical insurance premiums that he paid on her behalf from October 2014 through August 2016. Jeffrey argued that Heather was given notice and an opportunity to reimburse him for the medical insurance premiums he paid on her behalf; however, she refused to do so. In support of his argument, Jeffrey attached an exhibit that listed the payments he made on Heather's insurance premiums totaling $8,224.80.
On April 24, 2017, Jeffrey's Rule for Contempt was tried along with his unjust enrichment claim.[2] After hearing the parties'
*738 testimonies, the trial court determined that Heather "was enriched in the amount of $8,224.80." The trial court signed a judgment on May 22, 2017, in accordance with its oral ruling, ordering Heather to pay Jeffrey the sum of $150.00 per month beginning May 1, 2017, until said amount of $8,224.80 had been paid in full. Heather suspensively appealed the trial court's May 22, 2017 judgment. In her appeal, Heather argues that the trial court erred in ruling that Jeffrey met his burden of proving that she was unjustly enriched.
STANDARD OF REVIEW
The unjust enrichment remedy is only applicable to fill a gap in the law where no express remedy is provided. Mouton v. State, 525 So.2d 1136, 1142 (La. App. 1 Cir.), writ denied, 526 So.2d 1112 (La. 1988). Louisiana Civil Code article 2298 provides that "[a] person who has been enriched without cause at the expense of another person is bound to compensate that person. The term 'without cause' is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule." To prevail on an unjust enrichment claim, the plaintiff must prove by a preponderance of the evidence all five elements: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the resulting impoverishment; (4) an absence of justification or cause for the enrichment and impoverishment; and (5) the lack of another remedy at law. Davis v. Elmer, 2014-1298 (La. App. 1 Cir. 3/12/15), 166 So.3d 1082, 1087-88 ; see also Tandy v. Pecan Shoppe of Minden, Inc., 34,578 (La. App. 2 Cir. 4/4/01), 785 So.2d 111, 117. A plaintiff does not have the right to recover under the equitable theory of unjust enrichment because he did not successfully pursue another remedy. Id.
DISCUSSION
Heather argues that Jeffrey was not entitled to recover under the theory of unjust enrichment because he failed to prove two essential elements required for a claim of unjust enrichment. First, Heather argues that Jeffrey failed to prove an absence of a cause for the enrichment and impoverishment, arguing that the payment of her insurance premiums was to Jeffrey's benefit because he could only secure health insurance coverage for himself through her as the policyholder for the family policy. Secondly, Heather argues that Jeffrey could have pursued another remedy for his impoverishment making the unjust enrichment remedy unavailable pursuant to La. C.C. art. 2298. Specifically, she argues that Jeffrey declined to obtain a separate insurance policy for himself and the two minor children because he was concerned that he was uninsurable. Thus, Heather argues that Jeffrey voluntarily chose to avail himself by remaining on her insurance policy because he could not get a similar rate to the family insurance policy that she was the policyholder of.
In opposition, Jeffrey argues that the trial court correctly found that Heather *739 was enriched in the sum of $8,224.80 due to the payments that he made on her insurance policy premiums. Jeffrey argues that obtaining his own individual insurance policy is not another legal remedy mandated by La. C.C. art. 2298 because he could not secure a similar policy for a similar amount. Jeffrey argues that he was forced to pay Heather's insurance premiums from October 2014 through August 2016 because she refused to remove herself from the family insurance policy.
In order to prevail on his claim, Jeffrey has the burden of proving all five essential elements of unjust enrichment. See La. C.C. art. 2298. The record reveals that Jeffrey cannot satisfy the second element of unjust enrichment because impoverishment can only be shown when the factual circumstances show that the impoverishment was not a result of the plaintiffs' own fault or negligence or was not undertaken at his own risk. Tandy, 785 So.2d at 117-18. Jeffrey's actions were unilateral and voluntary in continuing to pay Heather's insurance premiums, as he could have stopped paying them at any time between October 2014 and August 2016 by obtaining his own separate insurance policy to insure himself and the two minor children.[3] Thus, Jeffrey is unable to satisfy the second element mandated by La. C.C. art. 2298, as his alleged impoverishment was a direct result of his voluntarily actions in such a way that caused both his impoverishment and whatever enrichment Heather may have received. Accordingly, we find under the circumstances presented, that Jeffrey failed to prove the type of alleged impoverishment necessary to substantiate a claim for unjust enrichment mandated by La. C.C. art. 2298. Therefore, we find that the trial court erred in finding that Heather was unjustly enriched by Jeffrey in the sum of $8,224.80.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed. Costs are assessed to Jeffrey Mikal Berthelot.
REVERSED.
Higginbotham, J. concurs.

We use the spelling set forth in the parties' petition, but note that during these proceedings the parties have also used the spelling "Jeffery."

Although the appellate record before us does not contain the transcript of the hearing on April 24, 2017, the transcript is included in the appellate record in 2017CA1055. Pursuant to the provision of Uniform Rules of Louisiana Courts of Appeal, Rule 2-1.14 that "[a]ny record lodged in this court may, with leave of court, be used, without necessity of duplication, in any other case on appeal or on writ[,]" we have reviewed the transcript included in the appellate record in 2017CA1055 that is necessary to adequately review the issues raised in this appeal. See Browne v. State ex rel. Dep't of Transp. & Development, 2015-0668 (La. App. 1 Cir. 2/4/16), 2016 WL 483228, p.1 n.2, writ denied, 2016-0442 (La. 4/22/16), 191 So.3d 1044.

Although Jeffrey testified that he may have been denied insurance coverage if he had to obtain his own insurance policy, there is no evidence in the record of an insurance company denying him coverage or evidence of him attempting to resubmit to obtain a new insurance policy for himself and the two minor children.