**WEAVER BROS. REALTY CORPORATION v. VOIGHT et al.**

No. 5960.

Court of Appeal of Louisiana. Second Circuit.

June 28, 1939.

Rehearing Denied July 17, 1939.

Certiorari Denied Oct. 30, 1939.

J. D. Rusca, of Natchitoches, for appellant.

John G. Gibbs, of Natchitoches, for appellees.

HAMITER, Judge.

In the petition in this cause plaintiff alleges that it is the owner of the timber on three certain forty-acre tracts of land situated in Natchitoches Parish, Louisiana, "having acquired the same from Peavy-Wilson Lumber Company, Inc., and by said Peavy-Wilson Lumber Company, Inc., acquired of J. D. Montgomery"; and that "L. B. Voight and I. J. Spence, both residents of your said parish, have recently entered upon said land and are presently engaged in cutting, felling and carrying away, and converting to their own use, the timber standing and growing on said land, notwithstanding petitioner's protest against their wanton and illegal acts." No allegation as to the possession or ownership of the land is made.

Plaintiff prays for appropriate decrees restraining and enjoining the defendants, L. B. Voight and I. J. Spence, from cutting and carrying away said timber, with reservation to it of all rights to proceed against them for the timber taken.

The issuance of a temporary restraining order attended the suit's filing.

On the same day, such order was suspended on defendants' furnishing bond.

Subsequently, defendants excepted to the petition as stating no right and no cause of action.

The exception of no cause of action was sustained and the suit dismissed. Plaintiff appealed.

The contention of defendants under the exception of no cause of action is stated in the brief of their counsel as follows:

"We think the law is unmistakably clear from the authorities referred to in the syllabus of this brief that where the ownership of timber is claimed in a suit, it is a separate estate from the land itself, and the rules of law applicable are exactly those of a petitory action. Therefore, where plaintiff does not claim the land, he must set forth his title with the particularity required in a petitory action. Consequently in an action of this nature, plaintiff must set forth his title, either prescriptive or in a chain of title to a common author, or back to and including a patent by the U. S. Government. This has not been done,

and the defendants must be discharged from the demand as provided by Article 44 of the Code of Practice."

 Conceding arguendo that the rules of law governing this cause are those of a petitory action, as defendants contend, according to the settled jurisprudence it was unnecessary for the petition to deraign plaintiff's title to the timber in order to state a cause of action. The allegations of ownership made were sufficient in this regard. An exception of vagueness was defendants' remedy for obtaining detailed information concerning plaintiff's interest in and right to the property, if such was desired by them. The exception employed was inappropriate.

The plaintiff in Hammonds v. Buzbee, 170 La. 573, 128 So. 520, instituted a petitory action alleging that "she is the owner of four lots, together with the improvements thereon, situated in the city of New Orleans, and that defendants are in the possession thereof without title, and without right to remain in the possession of the same." An exception of no cause of action was directed to her petition. The Supreme Court held and said:

"The exception of no cause of action is based upon the fact that plaintiff, in alleging her ownership of the property, does not deraign her title. The exception was overruled. We find no error in the ruling. While it is true that the allegation of ownership is vague, nevertheless sufficient is alleged to show a cause of action. If defendants wished to avail themselves of the vagueness of the petition, they should have filed an exception of vagueness and not have substituted for it an exception of no cause of action."

The quoted holding in the Hammonds case was followed by this court in Moore v. Blount, 160 So. 319, and by the Court of Appeal of the Orleans Circuit, in Supervisor of Public Accounts of Louisiana v. Bernard, 150 So. 672, 673. In the opinion of the latter case it was stated:

"If the defendant found the petition indefinite, his proper remedy was an exception of vagueness which would have afforded the plaintiff an opportunity to amend in case the exception had been sustained. An exception of no cause of action cannot be made to fulfill the functions of an exception of vagueness. Vagueness of a petition is not a cause for the dismissal of a suit."

 The principal case relied on by defendants to sustain the position urged is Glenn v. West, 151 La. 522, 92 So. 43, 44. Therein the court quoted Code of Practice, article 44, and then observed: "In order that a plaintiff in a petitory action may 'make out his title,' it is necessary that he must allege a state of facts showing that he has a title." This observation, as we appreciate it, does not mean that such a plaintiff must deraign his title in his petition in order to show a cause of action. In all events, however, that decision was rendered prior to Hammonds v. Buzbee et al., supra; and if there is conflict in the holdings of the two cases, the latter, of course, controls.

The judgment appealed from is therefore reversed and set aside, the exception of no cause of action is overruled, and the case is remanded to the district court for further proceedings according to law. Defendants shall pay the costs of this appeal, while all other costs shall abide the final determination of the case.