**WEAVER BROS. REALTY CORPORATION**
**v. SPENCE et al.**

**No. 6042.**

Court of Appeal of Louisiana. Second Circuit.

April 4, 1940.

Rehearing Denied May 3, 1940.

Writ of Certiorari and Review Denied July 18, 1940.

J. D. Rusca, of Natchitoches, for appellant.

John G. Gibbs, of Natchitoches, for appellees.

HAMITER, Judge.

The appeal in this controversy was prosecuted by plaintiff. It is from a judgment sustaining defendants' exception of no cause of action directed to the petition and dismissing the suit.

Plaintiff, in the petition, avers that "it is the owner of the pine timber standing and growing" on certain described lands situated in Natchitoches Parish, Louisiana.

It further shows that defendants "have illegally entered upon said lands and are wilfully, tortiously and illegally cutting and felling timber on the above described lands and are appropriating the same to their own use."

Additional allegations are that timber of the value of $1,352 has been cut and removed from the lands, and plaintiff fears

and believes that defendants will send the logs and piling made therefrom out of the parish.

The prayer is for the issuance and maintenance of a writ of sequestration commanding the Sheriff of Natchitoches Parish to take into his possession "all of the piling and saw logs cut and made from timber standing on the above described lands wherever the same may be found"; and that plaintiff have judgment against defendants in solido in the above stated amount.

The exception sustained by the trial court is grounded on the proposition that the allegations of the petition relating to ownership are insufficient to state a cause of action, plaintiff having alleged merely that it is the owner of the timber. Defense counsel argues in his brief that the suit is to be measured as a petitory action and plaintiff is required to set forth facts tending to show that it owns the property.

Whether the suit is to be classed as petitory in nature, as contended, or as an action in trespass, it is our opinion that the petition discloses a cause of action. Of course, it was not drawn with that particularity, clearness and precision which should accompany a formal demand in a court of justice, yet it sufficiently apprises the defendants of the nature of the claim made and is invulnerable to the exception urged. The system of pleading in use in Louisiana, often referred to as liberal in character, neither exacts verbal precision nor favors technicalities.

The recourse of defendants, if they desired detailed information regarding the title necessary in the preparation of their pleadings or otherwise, was through the employment of the exception of vagueness. The two exceptions, as stated by Professor Henry George McMahon in his splendid treatise on the Exception of No Cause of Action in Louisiana (9 Tulane Law Review IX, 17, 30), "are separate and distinct, and have entirely different functions. Thus, a petition may be clear in its statement of facts, minute and explicit as to details and particulars, and at the same time disclose no cause of action, either for failure of the law to afford a remedy under the facts stated, or because certain material allegations have been omitted. In such cases the defendant's remedy is to except to the petition on the ground that it dis-

closes no cause of action. Conversely, a petition may disclose a cause of action, though open to the objection that its allegations are not, in some respects, sufficiently full or specific to furnish the defendant with information to which he is entitled in order to enable him to defend his interests safely." The quoted observations of the commentator are amply sustained by cited decisions.

The petition in Hammonds v. Buzbee et al., 170 La. 573, 128 So. 520, which was a petitory action, recited that plaintiff "is the owner of four lots, together with the improvements thereon, situated in the city of New Orleans, and that defendants are in the possession thereof without title, and without right to remain in the possession of the same." An exception of no cause of action, founded upon the fact that title to the property was not deraigned in the petition, was overruled by the district court. In upholding that ruling, the Supreme Court said: "While it is true that the allegation of ownership is vague, nevertheless sufficient is alleged to show a cause of action. If defendants wished to avail themselves of the vagueness of the petition, they should have filed an exception of vagueness and not have substituted for it an exception of no cause of action."

Subsequent cases in which the announced doctrine of Hammonds v. Buzbee was followed are: Moore v. Blount, La.App., 160 So. 319; Supervisor of Public Accounts of Louisiana v. Bernard, La.App., 150 So. 672; Weaver Bros. Realty Corp. v. Voight, La. App., 191 So. 580.

The Supreme Court refused to issue a writ of certiorari in Weaver Bros. Realty Corp'n v. Voight et al., supra, stating that the judgment was correct. Counsel for defendants calls attention to the fact that the plaintiff in that cause, besides alleging ownership of the timber involved, set forth in the petition that the property was acquired from Peavy-Wilson Lumber Company, Inc., which obtained it from J. D. Montgomery; and he argues that these additional allegations distinguish that case from the one under consideration. In view of the holding in Hammonds v. Buzbee, supra, we are unable to conclude that such allegations provide any important difference.

The judgment of the district court, therefore, is reversed and set aside, the exception of no cause of action is overruled, and

the case is remanded for further proceedings according to law. Costs of this court shall be paid by appellees, while all other costs shall abide the final determination of the suit.