Plaintiff seeks a mandatory and prohibitory injunction against the defendant, J. Duise Vidrine and Roy Fontenot, to compel them to remove a dam from a ditch or canal used by plaintiff to flow water from his well to the rice fields of certain persons owning property in the neighborhood, and to enjoin them from obstructing the canal through which the water flows over the land owned by defendant Fontenot. The record is made up of long and complicated pleadings, and it it unnecessary to give a detailed statement of all the pleadings in order to pass on the main points involved in the case.
Plaintiff alleges that he is the owner of a deep water well located on his property, from which well water runs through a canal in various directions to supply water for the owners of rice farms in the neighborhood; that defendant Fontenot owns a 65 acre tract of land which was at one time owned by Helaire Guillory who sold said property to John E. Guillory; that the Federal Land Bank acquired said tract from John E. Guillory, and defendant Fontenot acquired the tract from the Federal Land Bank, all as of record in Evangeline Parish; that at the time Helaire Guillory owned said property which is now owned by said Roy Fontenot, the said Guillory executed a written agreement with the Guillory Well Company on February 5, 1920, wherein the said Well Company argued to construct a ditch or canal through his land to that of his neighbor for the purpose of irrigating crops of *Page 103 
rice in that area, which ditch or canal was to remain unobstructed and without any rent charge during the time the well was pumping, and in accordance with said agreement the canal was constructed some 28 years ago, and has been used ever since, receiving the flowing water from wells for irrigation purposes from the Guillory Well Company, and subsequently, the right having been acquired by plaintiff and continuing to the present time. After making further allegations concerning his entering upon the land of defendant Fontenot, with his consent, in 1946, to clean out the canal, and an agreement concerning the use of the canal by the other defendant Vidrine, the allegation is made that the two defendants dammed up the canal on Fontenot's property and prevented the flow of water through the canal, thereby depriving plaintiff of the right to furnish water to certain persons owning rice crops beyond the point at which the canal was obstructed.
Defendants filed a prayer for oyer of a plat referred to in plaintiff's petition and certain acts of transfer. The prayer was sustained to the extent of requiring plaintiff to produce the plat showing the canal and the various tracts of land through which it passed, and also the contract between the Guillory Well Company and Helaire Guillory. These documents were filed and the defendants thereafter filed exception of vagueness and no cause or right of action, both of these exceptions being based on much the same grounds, the principal of these grounds being that plaintiff did not allege the title or right which he acquired from the Guillory Well Company; that he did not allege that the various transfers referred to were by proper acts; that the plaintiff did not allege that he had complied with all the terms in the contract between Helaire Guillory and the Guillory Well Company, and the plat which was filed in compliance with the prayer for oyer is inconsistent with the location and direction of the canal as described in the petition.
The exception of vagueness was overruled, and the exception of no cause or right of action was referred to the merits. The defendants then filed an answer, making a general denial of the allegations of plaintiff's petition, and setting up in minute detail a long list of transactions to show that the defendant Vidrine had constructed a well in the neighborhood and was supplying water to rice farmers, and had a right to use a canal over the land of the other defendant. As alternative pleas, the defendants allege that if plaintiff ever acquired a servitude over the lands of Fontenot as he claims, plaintiff has abandoned the servitude; that he is estopped to claim the servitude, or in the further alternative, the said servitude has prescribed.
When the case came on for trial, plaintiff offered in evidence the plat referred to showing the location of the canal, and some deeds showing chain of title from Guillory Well Company. Objection was made to the offerings and the objection was sustained. Counsel for plaintiff then offered to prove up the allegations of his petition, but on objection being made, the trial court sustained the objection and dismissed plaintiffs suit.
From the ruling of the court it appears that the court was of the opinion that the exception of no cause of action was well grounded. The exception and the objection to the evidence offered in proof of plaintiff's claim raised the same question, that is whether or not the plaintiff has made sufficient allegations to justify proof as to how he acquired the ownership of the rights to the servitude over the land now owned by Fontenot.
It is evident from the allegations of the petition that plaintiff is claiming the right to enforce a servitude over the land formerly owned by Helaire Guillory and now owned by defendant Fontenot. He is claiming this right under the contract between the Guillory Well Company and Helaire Guillory. He alleges that this right was subsequently acquired by him and continues to the present time. Plaintiff did not deraign his title from the Guillory Well Company, nor did he allege the nature of the title which he holds from *Page 104 
the original grantee of the right of servitude.
[1] A plaintiff who seeks to enforce a right on an immovable must allege his ownership of the right and how he acquired the right. However, a failure on his part to set out a complete chain of title in his petition does not render the petition subject to dismissal on an exception of no cause of action; the remedy of the defendant in such a case is an exception of vagueness, requiring plaintiff to give the chain of title by which he acquired the ownership of the right. Weaver Brothers Realty Corporation v. Voight et al., La. App., 191 So. 580; Weaver Brothers Realty Corporation v. Spence et al., La. App., 197 So. 436.
[2] As before stated, the defendant filed an exception of vagueness in which they sought to obtain certain information regarding plaintiff's title, from whom he acquired the right of servitude, the nature of the titles, and whether or not he had fulfilled the terms of the contract between Helaire Guillory and the Well Company under which he is now claiming a right of servitude on the land of defendant Fontenot. We think the trial judge was in error in overruling this exception of vagueness. Defendants were entitled to know the nature of plaintiff's claim of ownership of this right of servitude. After plaintiff has set out the full facts as to the manner in which he acquired the right he is now seeking to enforce, the court will then be in a position to determine whether or not a cause of action is set out by plaintiff.
Our conclusion is that the exception of vagueness should be maintained and plaintiff be required to amend his petition within such time as the trial court may fix in order to show the facts on which he bases his right to the servitude on the lands of defendant Fontenot.
For the reasons assigned, the judgment appealed from is annulled and set aside, and it is now ordered that the exception of vagueness filed by the defendants herein be and the same is hereby maintained, and the case is remanded to the district court for the purpose of permitting plaintiff to amend his petition so as to show the facts on which he bases his right to the servitude herein sought to be enforced, within such time as the trial judge may fix, all according to law and the views herein expressed; that the determination of the costs await the final termination of the case.