2 So.3d 1227 (2009)
Leroy SMITH, Jr., Plaintiff-Appellee
v.
Raymond Lee CANNON, Defendant-Appellant.
No. 43,964-CA.
Court of Appeal of Louisiana, Second Circuit.
January 28, 2009.
Rehearing Denied February 19, 2009.
*1228 Frank E. Brown, Jr., Shreveport, for Appellant.
Raymond Lee Cannon, Tallulah, Pro Se.
Celia R. Cangelosi, Baton Rouge, for Appellee.
Before STEWART, DREW and LOLLEY, JJ.
LOLLEY, J.
In this action for quo warranto, defendant, Raymond Lee Cannon, appeals the declaration made by the trial court of Sixth Judicial District, Parish of Madison, State of Louisiana that plaintiff, LeRoy Smith, is the Chief Indigent Defender, and thereby the District Public Defender for the Sixth Judicial District. For the following reasons, we affirm.

FACTS
On December 5, 2007, LeRoy Smith, Jr., filed a Petition for Declaratory Judgment seeking a declaration that he was the Chief Indigent Defender and, by statute[1], also *1229 became the District Public Defender for the Sixth Judicial District. Several judges were recused from presiding on this action, and the supreme court appointed Judge Ronald Lewellyan as judge ad hoc. On February 28, 2008, Cannon filed exceptions without requesting a hearing. On April 3, 2008, Smith filed a Supplemental and Amending Petition for a Writ of Quo Warranto. The trial court allowed Smith to amend his petition and subsequently directed Cannon to show by what authority he claimed to hold the public office at issue. In response, Cannon, on a cross petition, also directed a writ of quo warranto as to Smith. A summary trial occurred on April 25, 2008; however, prior to trial, the trial court heard and denied all exceptions. After two days of testimony, the trial court concluded that:
LeRoy Smith was appointed or elected or designated by the Board, the local board that existed at the time before it was dissolved by the new statute. At their meeting of November 14, 2006, Mr. Smith was appointed chief indigent defender. Therefore, by statute, he became the district defender.
Furthermore, the trial court forbade Cannon from claiming either office. On May 22, 2008, Cannon filed this appeal.

LAW AND DISCUSSION

Conversion to Writ of Quo Warranto
Cannon suggests that it was improper for the trial court to allow Smith to convert his original petition seeking a Declaratory Judgment to a Writ of Quo Warranto. We disagree. Quo warranto is a writ directing an individual to show by what authority he claims or holds public office, or office in a corporation, or directing a corporation to show by what authority it exercises certain powers. Its purpose is to prevent usurpation of office or of powers. La. C.C.P. art. 3901. We find, by definition, that this proceeding is appropriate for this instant action. Cannon and Smith stipulated that they both claim that they held the position, one of the elements essential to a quo warranto proceeding. Furthermore, while the burden may have shifted to Cannon with this type of proceeding, Cannon asks Smith by what authority he claims to hold office with his cross petition for a quo warranto action. In essence, both Cannon and Smith had the burden of proof.
Smith procedurally was given permission by the trial court to seek leave to supplement and amend his petition, the content of which was not changed. Decisions as to whether to grant a defendant leave to amend his answer is within the sound discretion of the trial court, and its ruling will not be disturbed on appeal except where an abuse of discretion has occurred and indicates possibility of resulting injustice. Hibernia Nat'l. Bank v. Antonini, 33,436 (La.App.2d Cir.08/23/2000), 767 So.2d 143; Hogan v. State Farm Auto. Ins. Co., XXXX-XXXX (La.App. 1st Cir. 12/22/94), 649 So.2d 45, writ denied, XXXX-XXXX (La.03/17/95), 651 So.2d 276. The provisions of the Louisiana Code of Civil Procedure are not considered an end in themselves and should be construed liberally so as to implement the substantive law. La. C.C.P. art. 5051. Furthermore, "the system of pleading in use in Louisiana, often referred to as liberal in character, neither exacts verbal precision nor favors technicalities." Weaver Brothers Realty Corporation v. Spence, 197 So. 436, 437 (La.App.2d Cir.1940).

*1230 Exceptions

Cannon has raised several exceptions to Smith's original petition. As stated above, Smith asked, and the trial court granted, leave to supplement and amend the original petition. As such, any exceptions regarding the original petition are moot.
Cannon also raises several exceptions based on the supplemented and amended petition. First, Cannon argues that there was a failure to join an indispensable party, specifically the State of Louisiana and Louisiana Public Defender Board. By extension, Cannon argues that East Baton Rouge Parish was the proper venue, not Madison Parish. We disagree. In a petition for quo warranto, the only parties "necessary" are those claiming or vying for the office at issue. The State of Louisiana and Louisiana Public Defender Board are interested parties insofar as they are interested in the final result. The state entities have no standing in the instant action. Cannon also contends that the trial court does not have the subject matter jurisdiction to participate in the selection of the attorneys and personnel and rather the Public Defender Board is the agency authorized to fill vacancies. We disagree. The statute that provides for a quo warranto proceeding plainly gives the court the authority to estop one of the two parties from claiming the seat at issue. The record reflects that the Chief Indigent Defender ("CID") was not "vacant" but contested. The trial court clearly has subject matter jurisdiction. Cannon seems to reurge his no cause of action and no right of action exceptions, which were also correctly denied. Smith clearly has standing to bring this writ if quo warranto and the cause of action is appropriate.

Merits
In an effort to promote continuity, the legislature passed La. R.S. 15:161, section H(1) stating that whomever held the position of CID as of January 1, 2007, also became the District Indigent Defender. As such, the only issue before the trial court was who was the CID on January 1, 2007. The trial court held that Smith had this position. A court of appeal should not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State through Department of Transportation & Development, 617 So.2d 880 (La.1993). The task of a reviewing court is to assess whether the factfinder's resolution of a factual issue was reasonable in light of the record as a whole. Locke v. Young, 42,703 (La.App.2d Cir.12/12/07), 973 So.2d 831.
Since both parties urged a writ of quo warranto, Smith and Cannon carried the burden of presenting to the trial court why each believed they held the position at issue. Based on the record, Smith argues that the indigent defender board held a "board meeting" that met in November 2006 specifically to "formalize" Smith as the chief indigent defender. According to the board members' testimony, Smith already held the office for the last few years. While not in his brief, according to the record, Cannon, on the other hand, argues that he has been there longer and has done the work a CID would do. However, no evidence has been presented to back this claim. Even if true, this is not dispositive. Since the board had legitimacy, it could technically select anyone  with or without experience. Louisiana C.C.P. art. 3902 states:
When the court finds that a person is holding or claiming office without authority, the judgment shall forbid him to do so. It may declare who is entitled to *1231 the office and may direct an election when necessary.
When the court finds that a corporation is exceeding its powers, the judgment shall prohibit it from doing so.
Cannon challenges the underlying "board meeting" that the trial court based its decision, suggesting that there was a failure to provide notice to other attorneys, specifically African-American attorneys, that usually attended such meetings. In response, Smith argues that while he is unaware of the notice aspect to the meeting, the minutes clearly indicate that the three member board met and clearly set forth that he held the office of CID. While the board meeting that took place may appear suspect, the record does not provide any evidence of wrongdoing nor is this the appropriate cause of action to challenge the meeting. Simply put, Cannon failed to present why he should be acknowledged as CID.

CONCLUSION
For the foregoing reasons, we AFFIRM the trial court's declaration that plaintiff, LeRoy Smith, is the Chief Indigent Defender, and thereby the District Public Defender, for the Sixth Judicial District. Cost of this appeal are assessed to appellant, Raymond Lee Cannon.
AFFIRMED.
STEWART, J., dissents with written reasons.
STEWART, J., dissenting.
I respectfully dissent from the majority opinion. The circumstances surrounding the appointment of the Chief Indigent Defender, who actually performed the duties, are still unclear. Even the majority admits the supposed board meeting where the appointment was made appeared "suspect."
This matter was originally filed as a Petition for Declaratory Judgment by Smith. Cannon filed numerous exceptions. If they had been heard, a full hearing on all the suspicious circumstances would have occurred, and the public would have known who served as the de facto Chief Indigent Defender for the period of time preceding the "suspect" board meeting.
The discretionary amendment under La. C.C.P. art. 1151 is not meant to allow the type of conversion done in this case. The trial court erred in allowing this matter to be narrowed in scope and purpose. The trial court had the inherent power to insist that these proceedings remained in a posture for a full public airing of all issues relating to the representation of indigent defenders in this jurisdiction.

APPLICATION FOR REHEARING
Before STEWART, CARAWAY, PEATROSS, DREW, and LOLLEY, JJ.
Rehearing denied.
STEWART, J., would grant rehearing.
NOTES
[1] Pursuant to La. R.S. 15:161 H. (1):

In an effort to maintain continuity of indigent defender services in each judicial district, any person employed as the chief indigent defender of a judicial district as of January 1, 2007, pursuant to the provisions of R.S. 15:145(B)(2)(a), shall continue to be employed by, or enter into a contract with, the board and serve as the district public defender of that district.